Submitted on record and briefs December 3, 1999, remanded in part with instructions; otherwise affirmed April 5, 2000

OREGON STATE BAR,
a public corporation of the State of Oregon,
*Respondent,*

*v.*

Mervin ARNOLD,
*Appellant.*

(94-2113; CA A103512)

998 P2d 757

Mervin Arnold filed the briefs *pro se.*

Geoffrey P. Wyatt filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Plaintiff Oregon State Bar sought to enjoin defendant from practicing law without a license. The trial court entered an injunction to that effect and awarded the Bar its attorney fees. On defendant's appeal, we remand with instructions to modify the injunction.

Although defendant is not a member of the Oregon State Bar, he appeared on behalf of another person in Scappoose Municipal Court. He filed two motions to dismiss a complaint against that person; he also appeared and argued the motions to dismiss. Because of defendant's appearance in municipal court, the Bar filed this action to enjoin him from practicing law. *See* ORS 9.160; ORS 9.166(1).[1] The Bar moved for summary judgment, which the trial court granted. The trial court's judgment provides that "[d]efendant is, pursuant to ORS 9.166(1) * * * enjoined from practicing law without a license in the State of Oregon." The judgment also awards the Bar its attorney fees.

On appeal, defendant raises three assignments of error. We write only to address the third assignment of error.[2] In that assignment of error, defendant argues that the trial court's injunction sweeps too broadly. As he notes, ORS 52.060 provides that "[a]ny person may act as attorney for another in a justice court, except a person or officer serving any process in the action or proceeding, other than a subpoena." The Supreme Court has explained that ORS 52.060 carves out an exception to the broad prohibition in ORS 9.160 against practicing law without a license. *See Oregon State*

---

[1] ORS 9.160 provides:

"Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent that person as qualified to practice law unless that person is an active member of the Oregon State Bar."

ORS 9.166(1) provides, in part:

"* * * The court shall enjoin any person violating ORS 9.160 from practicing law without a license. * * * The prevailing party may recover its costs and attorney fees in any suit for injunctive relief brought under this section in which the [B]oard [of Bar Governors] is the plaintiff."

[2] We affirm without discussion the rulings that defendant challenges in his first and second assignments of error.

*Bar v. Wright*, 280 Or 693, 702-03, 573 P2d 283 (1977). To the extent that the trial court's injunction prevents defendant from acting as an attorney in a justice court pursuant to ORS 52.060, the court's injunction is too broad and should be modified.

Remanded with instructions to modify injunction to permit defendant to act as an attorney in justice court pursuant to ORS 52.060; otherwise affirmed.